UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASHAAN EDWARDS, #773005,

        Plaintiff,

                                    CASE NO. 23-CV-12158
v.                                HON. GEORGE CARAM STEEH

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

I.

Michigan prisoner Jashaan Edwards ("plaintiff"), currently confined at

the Woodland Center Correctional Facility in Whitmore Lake, Michigan, has

filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 concerning

events that occurred while he was confined at the Saginaw Correctional

Facility in Freeland, Michigan from May, 2023 through July, 2023.   The

Court has granted him leave to proceed without prepayment of the filing fee

for this action.

In his complaint, the plaintiff alleges that Grievance Counselor

Flaugher refused to process his grievances, that Residential Unit

Manager Nieman and an unnamed 600 Unit Counselor refused to allow him to seek protective custody, that Sergeant Garvie filed an improper misconduct charge against him, that Corrections Officers Roitowski, Vellanti, and Cabrera "extorted" him and deprived him of money and property with the help of other prisoners, that "staff" subjected him to a retaliatory cell search, that an unnamed Deputy Warden of Housing, the 600 Unit Counselor, Sergeant Garvie, and Resident Unit Manager Neiman "were aware" of his situation and failed to act, that Sergeant Garvie allowed Corrections Officer Roitowski to give prisoners access to his cell and they stole his property, and that a fellow prisoner assaulted him and Grievance Counselor Flaugher failed to investigate and/or respond to the incident.

The plaintiff names the Michigan Department of Corrections ("MDOC"), the Saginaw Correctional Facility ("SRF"), an unnamed Deputy Warden of Housing, Residential Unit Manager Nieman, an unnamed 600 Unit Counselor, Sergeant Garvie, Grievance Counselor Flaugher, Corrections Officers Roitowski, Vellanti, and Cabrera, and "all liable parties" (aka "John Does") as the defendants in this action and sues them in their individual and official capacities.   He seeks monetary damages and injunctive relief.

2

Having reviewed the matter and for the reasons stated herein, the Court dismisses the complaint in part pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and on the basis of immunity.

II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.   42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).   The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A.   A complaint is frivolous if it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a)(2)).  While this notice pleading standard does require not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.  Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that

4

all the allegations in the complaint are true (even if doubtful in fact)."

Twombly, 550 U.S. at 555-556 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that

(1) he or she was deprived of a right, privilege, or immunity secured by the

federal Constitution or laws of the United States; and (2) the deprivation

was caused by a person acting under color of state law.   Flagg Bros. v.

Brooks, 436 U.S. 149, 155-157 (1978); Harris v. Circleville, 583 F.3d 356,

364 (6th Cir. 2009).   Additionally, a plaintiff must allege that the deprivation

of rights was intentional.   Davidson v. Cannon, 474 U.S. 344, 348 (1986);

Daniels v. Williams, 474 U.S. 327, 333-336 (1986).   With these standards

in mind, the Court concludes that the plaintiff's complaint is subject to

partial summary dismissal.

III.

First, the plaintiff's claims against the MDOC must be dismissed

because the MDOC is not an entity subject to suit under 42 U.S.C. § 1983.

Section 1983 imposes liability upon any "person" who violates an

individual's federal constitutional or statutory rights.   It is well-settled that

governmental agencies, such as the MDOC, are not persons or legal

entities subject to suit under § 1983.   See Anderson v. Morgan Cnty. Corr.

5

Complex, No. 15-6344, 2016 WL 9402910, *1 (6th Cir. Sept. 21, 2016)

(ruling that state prison and its "medical staff" are not subject to suit under §

1983); Harrison v. Michigan, 722 F.3d 768, 771 (6th Cir. 2013) (discussing

case law establishing that government departments and agencies are not

persons or legal entities subject to suit under § 1983).   Thus, the plaintiff's

claims against the MDOC must be dismissed.

Additionally, even if the Court construes the complaint liberally as one

brought against the State of Michigan, any claims against the State are

subject to dismissal.   The plaintiff fails to allege facts showing that the

MDOC/State of Michigan is responsible for any perceived constitutional

violation.   A civil rights plaintiff must allege the personal involvement of a

defendant to state a claim under § 1983 and that liability cannot be based

upon a theory of respondeat superior or vicarious liability.   Iqbal, 556 U.S.

at 676 (citing cases); Monell v. Department of Social Svs., 436 U.S. 658,

691-692 (1978); Everson v. Leis, 556 F.3d 484, 495 (6th Cir. 2009).   The

plaintiff fails to do so with respect to the MDOC/State of Michigan.   He

does not allege any facts explaining what the MDOC/State of Michigan did

or did not do to violate his rights.   Any assertion that the MDOC/State of

Michigan failed to supervise an employee, should be vicariously liable for

6

an employee's conduct, and/or did not properly respond to his grievances or complaints is insufficient to state a civil rights claim.   See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); see also Martin v. Harvey, 14 F. App'x 307, 309 (6th Cir. 2001).   The plaintiff also does not allege facts showing that any injury is the result of a policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees.   See Ellis v. Cleveland Mun. Sch. Dist., 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for claims).   He thus fails to state a claim upon which relief may be granted under § 1983 against the MDOC/State of Michigan.

Second, the plaintiff's claims against the SRF must similarly be dismissed because a prison is not a "person" or legal entity subject to suit under § 1983.   See Anderson, 2016 WL 9402910 at *1; Parker v. Michigan Dep't of Corr., 65 F. App'x 922, 923 (6th Cir. 2003); Bassler v. Saginaw Corr. Facility, No. 2:19-CV-11202, 2019 WL 2502713, *2 (E.D. Mich. June 17, 2019); Brooks v. Huron Valley Men's Prison, No. 2:06-CV-12687, 2006 WL 2423106, *1 (E.D. Mich. Aug. 21, 2006) (citing cases establishing that a prison building is not a "person" subject to suit under § 1983).   The

7

plaintiff's claims against the SRF must be dismissed as frivolous and/or for failure to state a claim upon which relief may be granted.

Third, the plaintiff's claims against the Deputy Warden of Housing, the 600 Unit Counselor, Resident Unit Manager Neiman, and Sergeant Garvie (and any other defendant) based upon their supervisory roles over other employees must dismissed.   As discussed, a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and liability cannot be based upon a theory of respondeat superior or vicarious liability.   Iqbal, 556 U.S. at 676; Monell, 436 U.S. at 691-692; Everson, 556 F.3d at 495.   Thus, to the extent that the plaintiff alleges that the afore-mentioned defendants, or any others, should be liable for another individual's conduct, he fails to state a claim upon which relief may be granted.   Any assertion that one or more of the defendants failed to supervise an employee, should be vicariously liable for an employee's conduct, and/or did not sufficiently respond to the situation are insufficient to state a claim under § 1983.   See Shehee, 199 F.3d at 300; see also Martin, 14 F. App'x at 309.

Fourth, to the extent that the plaintiff asserts that the Deputy Warden of Housing, the 600 Unit Counselor, Resident Unit Manager Nieman,

8

Sergeant Garvie, and Grievance Coordinator Flaugher (and any other

defendant) violated his constitutional rights by failing to investigate, not

responding to his situation, or denying his grievances, he fails to state a

claim for relief.   The First Amendment guarantees "the right of the people .

. . to petition the Government for a redress of grievances."   U.S. Const.

amend. I.   While the First Amendment guarantees prisoners the right to file

grievances against prison officials, Herron v. Harrison, 203 F.3d 410, 415

(6th Cir. 2000), the First Amendment does not impose an affirmative

obligation on the government to consider, respond to, or grant any relief on

a petition for redress of grievances.   Smith v. Arkansas State Hwy.

Employees, Local 1315, 441 U.S. 463, 464-465 (1979); Apple v. Glenn,

183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the

government does not guarantee a response to the petition or the right to

compel government officials to act on or adopt a citizen's views.").   An

inmate does not have a constitutionally protected interest in a jail or prison

grievance procedure or the right to an effective procedure.   Walker v.

Michigan Dep't of Corr., 128 F. App'x 441, 445 (6th Cir. 2005); Argue v.

Hofmeyer, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases).   To the

extent that the plaintiff is dissatisfied with the investigation of his complaints

9

and the responses to his grievances, he fails to state a claim upon which relief may be granted under § 1983.   See Carlton v. Jondreau, 76 F. App'x 642, 644 (6th Cir. 2003); Proctor v. Applegate, 661 F. Supp. 2d 743, 766-767 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report).

Fifth, the plaintiff's claims against Corrections Officers Roitowski, Vellanti, and Cabrera (and any other defendant) involving the alleged deprivation of his money and personal property must be dismissed.   The negligent or intentional deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong. Hudson v. Palmer, 468 U.S. 517, 533 (1984).   To maintain a § 1983 action "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate."   Vicory v. Walton, 721 F.2d 1062, 1066 (6th Cir. 1983).   The plaintiff neither alleges nor establishes that Michigan's judicial remedies are inadequate or that it would be futile to present his claim in the Michigan state courts.

A Michigan prisoner may petition the Prisoner Benefit Fund for compensation, MDOC Policy Directive 04.07.112, ¶ B (effective Dec. 12,

2013), submit a claim for property loss of less than $1,000 to the State

Administrative Board, Mich. Comp. Laws § 600.6419; MDOC Policy

Directive 03.02.131 (effective Oct. 21, 2013), and/or bring a tort or contract

action in the Michigan Court of Claims "against the state and any of its

departments, commissions, boards, institutions, arms, or agencies," Mich.

Comp. Laws § 600.6419(1)(a).   The United States Court of Appeals for the

Sixth Circuit has ruled that Michigan provides adequate post-deprivation

remedies for property loss.   See Copeland v. Machulis, 57 F.3d 476, 479

(6th Cir. 1995).   The plaintiff thus fails to state a claim upon which relief

may be granted under § 1983 as to the claims involving his money or

personal property.

Sixth, to the extent that the plaintiff alleges that any of the defendants

violated prison policies and/or state law, such claims must be dismissed.

Section 1983 provides a remedy for violations of federal law, not prison

policy or state law.   Lugar v. Edmondson Oil Co., 457 U.S. 922, 924

(1982); Laney v. Farley, 501 F.3d 577, 580-581 (6th Cir. 2007).   Alleged

violations of MDOC policy or Michigan law do not rise to the level of a

violation or deprivation of a federal constitutional right cognizable under §

1983.   See Grinter v. Knight, 532 F.3d 567, 574 (6th Cir. 2008) (ruling that

11

"failing to follow proper procedures is insufficient to establish an infringement of a liberty interest" and citing <u>Olim v. Wakinekona</u>, 461 U.S. 238, 250 (1983)); <u>Laney</u>, 501 F.3d at 581 n. 2; <u>Smith v. Freland</u>, 954 F.2d 343, 347-348 (6th Cir. 1992); <u>McVeigh v. Bartlett</u>, No. 94-2347. 1995 WL 236687, *1 (6th Cir. April 21, 1995) (failure to follow MDOC Policy Directive does not rise to the level of a constitutional violation because a directive does not create a liberty interest protected by the Fourteenth Amendment's Due Process Clause); <u>Coleman v. Martin</u>, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005) ("the failure of a prison, or the state, to follow its own policies and procedures does not amount to a constitutional violation.").   Any claim by the plaintiff alleging violations of MDOC policies or procedures or violations of Michigan law thus fail to state a claim upon which relief may be granted under § 1983.[1]

Seventh, the plaintiff's complaint must also be dismissed, in part, on the basis of sovereign immunity.   The plaintiff sues the defendants, who are all MDOC employees, in their official capacities and seeks monetary

---

[1]Some of the plaintiff's allegations may be actionable under Michigan law although they do not provide a basis for relief in federal court.   Any state law claims are dismissed without prejudice to those claims being brought in state court. The Court declines to exercise pendant jurisdiction over any state law claims.

damages as relief.   The Eleventh Amendment, however, bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity.   Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989).   "The State of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," Johnson v. Unknown Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004) (citing Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983.   Chaz Const., LLC v. Codell, 137 F. App'x 735, 743 (6th Cir. 2005).   Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies," McCormick v. Miami Univ., 693 F.3d 654, 661 (6th Cir. 2012) (quoting Thiokol Corp. v. Department of Treasury, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief. McCormick, 693 F.3d at 662 (citing McKey v. Thompson, 226 F.3d 752, 757 (6th Cir. 2000)).   Eleventh Amendment immunity applies to state employees who are sued in their official capacities.   See Colvin v. Caruso, 605 F.3d 282, 289 (6th Cir. 2010) (citing Cady v. Arenac Co., 574 F.3d 334, 344 (6th Cir. 2009)).   Because the defendants are MDOC employees who

13

are sued in their official capacities, they are entitled to Eleventh

Amendment immunity.   The plaintiff's claims for monetary damages

against the defendants in their official capacities must be dismissed.

Lastly, the Court finds that the plaintiff's claims against Grievance

Coordinator Flaugher alleging that she refused to process his grievances,

his claims against Resident Unit Manager Nieman and the 600 Unit

Counselor alleging that they refused to allow him to seek protective

custody, and his claims against Sergeant Garvie and "staff" alleging

retaliation (e.g. improper misconduct charge and cell search) are not

subject to summary dismissal.[2]   While the plaintiff may or may not

ultimately prevail on such claims, he has pleaded sufficient facts to state

potential claims for relief at this stage of the proceedings.

IV.

For the reasons stated, the Court concludes that the plaintiff fails to

state a claim upon which relief may be granted under 42 U.S.C. § 1983 as

to his claims against the MDOC and the SRF and as to his claims based

upon supervisory liability, the denial of his grievances, the investigation of

---

[2]The plaintiff may move to amend the complaint to identify and/or add appropriate defendants for his claims as they become known.

his complaints or response to the situation, the deprivation of his money and personal property, and any violations of MDOC policy or state law. The Court also concludes that the defendants, who are sued in their official capacities, are entitled to Eleventh Amendment immunity.

Accordingly, the Court **DISMISSES** the afore-mentioned claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), **DISMISSES** the MDOC, the SRF, the Deputy Warden of Housing, and Corrections Officers Roitowski, Vellanti, and Cabrera from this action as they no longer have claims for relief against them, and **DISMISSES** the plaintiff's claims for monetary damages against the defendants in their official capacities.

The Court further concludes that the plaintiff's claims against Grievance Coordinator Flaugher concerning the refusal to process his grievances, his claims against Resident Unit Manager and the 600 Unit Counselor concerning the refusal to allow him to seek protective custody, and his claims against Sergeant Garvie and "staff" concerning retaliation survive the Court's initial screening process under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith.   <u>See</u> 28 U.S.C. § 1915(a)(3); <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:   September 21, 2023

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 21, 2023, by electronic and/or ordinary mail and also on Jashaan Edwards #773005, Woodland Center Correctional Facility 9036 M-36, Whitmore Lake, MI 48189.

s/Michael Lang
Deputy Clerk

---